# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KENNY BRYAN        *

       *

v.        *    Civil No. – JFM-03-259

       *

CINDY BAXTER AND RENIE SKALKO    *

******

## **MEMORANDUM**

Defendants have filed a motion which, in effect, is a motion to enforce an Agreement reached by the parties during trial pursuant to which plaintiff would receive a "low" of $900,000, regardless of the outcome of the trial, or a "high" of $2,700,000, or the actual amount of the verdict if it fell between the low and the high. Defendant's motion will be granted.

It is understandable that plaintiff desires to back away from the agreement into which he entered. The jury returned a verdict in his favor of $8,654,769. Nevertheless there is no basis for not enforcing the agreement.

Plaintiff contends that defendants violated the agreement in two respects: (1) by placing it on the public record as an exhibit to post-trial motions filed under Fed. R. Civ. P. 59, and (2) filing post-trial motions and noting an appeal. The contention is without merit.

Although paragraph 16 of the Agreement stated that it would be confidential, paragraph 18 provided that "that [t]he parties herein will put this Agreement on the record with the court to memorialize the same following entry of the verdict or court order disposing of the case." The language of paragraph 18 is clear and unambiguous: it provides that the agreement will be placed "on the record with the court" after the verdict recorded or disposing of the case. This paragraph is in accordance with sound public policy. Further, paragraph eighteen is not all inconsistent

1

with the confidentiality provision of paragraph 16 because obviously it was in everyone's interest that the Agreement remain confidential until the verdict was returned.

As to plaintiff's contention that defendants breached the Agreement by filing post-trial motions and noting an appeal, the fact is that defendants took neither of these actions until after plaintiff's counsel had advised defense counsel that he would consider the submission of a check in the amount of $2,700,000 only as "partial payment on the judgment." In fact, plaintiff was advising defendants that he did not intend to abide by the Agreement. Under those circumstances defendants clearly acted within their rights in filing post-trial motions and noting an appeal – despite the provision in the Agreement that neither party would take either of these actions – because, there were time limits upon them taking those actions.

Plaintiff also argues that defendants relinquished their rights under the Agreement by taking the position before the judge who presided over the trial that the Agreement should be filed under seal.[1] This argument reflects that to plaintiff and his counsel the extension of a professional courtesy is not of intangible value but has a price: in this case, $5,954,769. Like Judge McLaughlin, as a matter of public policy, I would have required the Agreement to be placed on the public record (as paragraph 18 contemplated). But I fully understand defense counsel's attempt to satisfy any concerns expressed by plaintiff's counsel about not keeping the Agreement confidential, and like defendants' counsel, I may well have suggested that in order to address the concerns the Agreement be placed under seal. In any event, the putting of the

---

[1] The judge rejected this suggestion, stating in a status conference that "[e]verything is going to get filed of record here. Because this is a public entity. And the agreement they entered into and how they may be required or not be required to pay the entire amount of the judgment, that is a matter in the interest of the public. Everything is going on the public record." Transcript of status conference before Honorable Sean J. McLaughlin, at 9-10.

Agreement on the public record was fully in accordance with the Agreement's terms and consistent with sound public policy.

A separate order granting defendants' motion is being entered herewith.


Date:   October 14, 2014            /s/ J. Frederick Motz
                                    J. Frederick Motz
                                    United States District Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNY BRYAN | * | |
| | * | |
| | * | |
| v. | * | Civil No. – JFM-03-259 |
| | * | |
| CINDY BAXTER AND RENIE SKALKO | * | |
| | ****** | |

## **ORDER**

For the reasons stated in the accompanying memorandum, it is, this 14th day of October 2014

ORDERED that defendants' motion to satisfy pursuant to FRCP 60 (document 361) be granted.

                                \_\_\_/s/ J. Frederick Motz  
                                J. Frederick Motz  
                                United States District Judge